Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* City of Philadelphia, Department of Public Property, Appellee.

Submitted on briefs December 13, 1982, to President Judge Crumlish, Jr. and Judges Rogers and MacPhail, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Alan J. Davis,* City Solicitor, with him, *Jill A. Douthett,* Divisional Deputy City Solicitor, *Paul L. Rucci,* Deputy City Solicitor, and *Michael B. Tolcott,* Assistant City Solicitor, for appellee.

Opinion by Judge Rogers, February 2, 1983:

This is the appeal of the Commonwealth, Department of Transportation (DOT) from an order of the Common Pleas Court of Philadelphia County overturning the imposition by the DOT of a three month's suspension of the certificate of appointment to inspect motor vehicles of one of the City of Philadelphia's inspection stations. The certificate of appointment had been issued to one Timothy Kennedy, acting for the City, and the station was engaged in repairing, maintaining and making state inspections of city vehicles. DOT suspended the certificate after ascertaining that seven mechanics not certified by DOT to do so had performed official inspections at the station. It was concluded by the trial court that because the sole purpose of the station was to maintain and service city vehicles and because it would work hardship on the city to transfer the work of this station to other of the city's stations and because, in its view, a warning would adequately serve the Commonwealth's and DOT's interests, the suspension was unwarranted.

The Vehicle Code at 75 Pa. C. S. §4721 provides for the establishment of official inspection stations and the issuance of certificates of appointment by DOT to stations complying with the requirements of the Vehicle Code and DOT's regulations. DOT may issue a certificate of appointment to make official inspections of their own vehicles to persons who own or lease fifteen or more vehicles. 75 Pa. C. S. §4723. DOT is required to supervise and inspect official inspection stations and to suspend certificates of appointment of stations whose personnel violate any provisions of the Code or regulations. 75 Pa. C. S. §4724. No mechanics may conduct inspections unless certified as to training qualifications and competence by DOT. 75 Pa. C. S. §4726.

DOT's regulation at 67 Pa. Code §175.30 speaks directly to stations owned and operated by political subdivisions of the Commonwealth, requiring such to meet all provisions of the Code and regulations, including a regulation (in addition to the Code provision) that every inspection shall be completely performed by a certified inspection mechanic. 67 Pa. Code §175.28.

Therefore, the order appealed from is reversed and the suspension of the certificate of appointment of the station in question imposed by DOT is reinstated.

ORDER

AND Now, this 2nd day February, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned case is reversed and the suspension of the Certificate of Appointment imposed by the Department of Transportation is reinstated.